# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH HARRIS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TARGET CORP.,<br><br>　　　　　　Defendant. | CASE NO. 06CV2370 - H (POR)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |

On October 25, 2006, Plaintiff Keith Harris, proceeding pro se, commenced this action against Defendant Target Corporation. Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a). For the reasons stated below, the Court DENIES Plaintiff's motion to proceed IFP and sua sponte DISMISSES the case without prejudice for failure to state a claim.

## Discussion

**I.　Motion to Proceed In Forma Pauperis**

Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. Here, Plaintiff has not completed the declaration of assets. While he indicates that his last employment ended on September 19, 2005, he has not indicated the amount of his take home salary, the pay period, or the name and address of his last

employer. To provide the Court with more information, Plaintiff may complete the attached request to proceed in forma pauperis. The Clerk of Court shall attach a copy of the request to proceed in forma pauperis to this order.

**II.     Sua Sponte Dismissal pursuant to 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his or her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bautista v. Los Angeles County, 216 F.3d 837, 842 (9th Cir. 2000). Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss. Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Courts grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

The Fair Credit Reporting Act ("FCRA") sets forth requirements for users of consumer credit reports who take adverse action on the basis of information contained in the reports. See 15 U.S.C. § 1681m. In particular, users taking an adverse

employment action must meet certain notice requirements:

> (a) Duties of users taking adverse actions on basis of information contained in consumer reports
> If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall--
>> (1) provide oral, written, or electronic notice of the adverse action to the consumer;
>> (2) provide to the consumer orally, in writing, or electronically--
>>> (A) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and
>>> (B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and
>> (3) provide to the consumer an oral, written, or electronic notice of the consumer's right--
>>> (A) to obtain, under section 1681j of this title, a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (2), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and
>>> (B) to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

Id.

In this case, Plaintiff does not cite to any particular statutory provisions, but only makes general allegations that Target violated the FCRA. He complains that Target denied him employment based on an inaccurate credit report. Further, he asserts that Target violated the law when it did not verify the information in the report. He does not, however, direct the Court to any provision of the FCRA requiring a potential employer to verify information before making a decision regarding employment. Rather, as indicated above, the FCRA requires users to comply with certain notice provisions. Plaintiff does not allege that Target violated the FCRA's notice provisions, and the documents he attached to the complaint and to which he refers in his allegations indicate that Target provided him with notice.

Plaintiff also alleges that Target violated the law because it indicated in its denial letter that only California applicants must submit to a background check. The letter

Plaintiff attached to his complaint and references in his allegations, however, does not indicate whether applicants from other states must submit to a background check. Further, Plaintiff has not indicated what law Target allegedly violated by this conduct. Accordingly, Plaintiff has failed to state a claim for relief.

### Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's motion to proceed IFP and sua sponte **DISMISSES** without prejudice the complaint for failure to state a claim. The Court **GRANTS** Plaintiff until **December 8, 2006** to file an amended complaint that addresses the deficiencies of the complaint set forth above. Further, if Plaintiff seeks to amend his complaint, he must either submit the requisite filing fee or file a completed IFP application. The Clerk of Court shall attach a copy of the request to proceed in forma pauperis to this order.

IT IS SO ORDERED.

DATED: November 7, 2006

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:

Keith Harris
P.O. Box 3715555
San Diego, CA 92137